This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Patricia Corrigan, appeals from the judgment of the Medina County Court of Common Pleas. We affirm in part and reverse in part.
A magistrate heard this matter on a complaint for divorce filed by Appellant. On December 3, 1999, the magistrate granted the divorce. Pursuant to the divorce decree, Appellee, Timothy Corrigan, was entitled to his separate personal property and the agreed division of marital property. Thereafter, Appellee moved for a lump sum judgment claiming that Appellant failed to relinquish Appellee's property or, in the alternative, she destroyed it. On October 6, 2000, a magistrate ordered Appellant to pay Appellee $12,177.99 for the loss of his property or, alternatively, for the damage to his property. Appellant promptly appealed the magistrate's decision. The trial court adopted the findings of the magistrate and determined that Appellee was entitled to $12,177.99. Appellant timely appealed raising three assignments of error, which have been rearranged for ease of review.
 ASSIGNMENT OF ERROR I The trial court erred in finding that [Appellee] did not receive his property as required by the judgment entry of divorce.
 ASSIGNMENT OF ERROR III The trial court erred in ordering [Appellant] to return the pipe wrenches to [Appellee].
In these assignments of error, Appellant avers that the trial court erred in finding that Appellee did not receive his property. Furthermore, Appellant contends that she complied with the divorce decree and returned Appellee's property; therefore, she does not possess any of Appellee's property, including the pipe wrenches. We disagree.
This court notes that Appellant has failed to set forth a single, legal authority to support her contentions that the trial court erred. As such, Appellant has failed to provide citations to authorities supporting her brief and the standard of review applicable to her assignments of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). Appellant had the burden of affirmatively demonstrating error on appeal. See Angle v.W. Res. Mut. Ins. Co. (Sept. 16, 1998), Medina App. No. 2729-M, unreported, at 2; Frecska v. Frecska (Oct. 1, 1997), Wayne App. No. 96CA0086, unreported, at 4. Moreover, "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), Summit App. Nos. 18349 and 18673, unreported, at 18. Accordingly, since Appellant has failed to set forth any legal error by the trial court in these two assignments of error, this court has no choice but to disregard them. Therefore, these assignments of error are overruled.
 ASSIGNMENT OF ERROR II The trial court erred in accepting the value of the property as set forth by the magistrate.
In her second assignment of error, Appellant argues that the trial court erred in affirming the value of the property that was determined by the magistrate. Specifically, Appellant argues the following: (1) the magistrate should not have used Appellee's testimony concerning the value because Appellee did not provide any documentation to support his figures; and (2) the magistrate incorrectly computed the value of Appellee's property. We agree with Appellant's argument as it pertains to the magistrate's computation of the value of Appellee's property.
A trial court has broad discretion to determine the value of a marital asset. James v. James (1995), 101 Ohio App.3d 668, 681. Although the trial court has leeway in determining the value it "must have before it sufficient evidence to justify or support the [value] it obtains."Gregory v. Gregory (July 5, 2000), Wayne App. No. 98CA0046, unreported, at 3, quoting Rodriguez v. Rodriguez (Apr. 13, 1990), Geauga App. No. 89-G-1498, unreported.
Additionally, a trial court is not obligated to use a particular method of valuation. See id. at 3-4. Therefore, absent an abuse of discretion, an appellate court will not disrupt a trial court's valuation of a marital asset. Id. at 5-6. An abuse of discretion suggests more than an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id.
Ordinarily, a witness must be qualified as an expert prior to testifying as to his or her opinion regarding the value of property.Tokles Sons, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, paragraph one of the syllabus. Nevertheless, an owner may testify as to the value of his or her property without being qualified as an expert.Id. at paragraph two of the syllabus. The rationale behind this exception stems from the notion that an owner is familiar with the property from having purchased or dealt with it. Id.
In this case, Appellee testified as to the value of the property to which he was asserting a claim, and Appellant did not contradict his testimony. Appellee further stated that he was aware of the property's value due to the fact that he had either purchased the property or used it for employment purposes. As such, Appellee was familiar with the marital property in which he proffered his opinion as to its value. Thus, the magistrate was not precluded from adopting his opinion as to the value of the property.
Although the magistrate was permitted to utilize the values proffered by the Appellee, the magistrate could not arbitrarily assign a value to the property without constituting an abuse of discretion. A review of the record illustrates a number of instances in which the magistrate proposed values that were inconsistent with Appellee's testimony and not supported by other evidence. Specifically, Appellee testified to the following values: (1) paint sprayer — $400; (2) hand trucks — $135; (3) hose cart — $35; (4) 16-gallon shop vac — $140; (5) chair — $500; and (6) master mechanic tools — $20,000. The magistrate assigned the following values: (1) paint sprayer — $50; (2) hand trucks — $120; (3) hose cart — $30; (4) 16-gallon shop vac — $99.99; (5) chair — $50; and (6) master mechanic tools — $10,000. Additionally, neither the magistrate nor the trial court provided an explanation for this deviation. As such, we can only conclude that the assigned value is arbitrary; and therefore, an abuse of discretion. Accordingly, Appellant's assignment of error is sustained.
Appellant's first and third assignments of error are overruled. Appellant's second assignment of error is sustained. The judgment of the Medina County Court of Common Pleas is affirmed in part and reversed in part.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ____________________ LYNN C. SLABY
WHITMORE, J. CONCURS.